```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - -x

In re:                             :

DAVID T. SPEAKMAN, JR.             :   BK No. 08-13992
EMILY B. SPEAKMAN                      Chapter 13
          Debtors

- - - - - - - - - - - - - - - - -x
```

## ORDER GRANTING MOTION TO DISMISS

APPEARANCES:

    Peter G. Berman, Esq.
    Attorney for Debtors
    RASKIN & BERMAN
    116 East Manning Street
    Providence, Rhode Island 02906

    John Boyajian, Esq.
    Chapter 13 Trustee
    BOYAJIAN HARRINGTON & RICHARDSON
    182 Waterman Street
    Providence, Rhode Island 02906

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 08-13992

Heard on July 30, 2009, on the Chapter 13 Trustee's Motion to Dismiss the captioned Chapter 13 case, which was filed on March 26, 2009.

The Debtors, David T. Speakman, Jr. and Emily B. Speakman, are above-median income debtors. Both their means test and their Schedules I and J indicate that their expenses exceed their income, resulting in negative net incomes per month of $1,938 and $1,466.35, respectively. The Debtors proposed a plan pursuant to 11 U.S.C. § 101, et seq. (the Code), under which they would pay $8,000[1] to their unsecured creditors, in a single lump sum payment, upon confirmation. The Plan also proposes to strip off a second mortgage on their home, in the amount of $82,422.

The Trustee's argument echoes the reasoning of the Eighth Circuit, with which I also agree:

> The criteria for Chapter 13 eligibility are set forth in ss 109(e) and [101(30)]. Section 109(e) provides 'only an individual with regular income ... or an individual with regular income and such individual's spouse ... may be a debtor under Chapter 13 ...' Section [101(30)] defines 'individual with regular income' as an individual 'whose income is sufficiently stable and regular to enable such individual to make payments under a plan under Chapter 13 of this title. ...

---

[1] The funding for the plan is to be accomplished reportedly through a loan by an employer of one of the Debtors.

1

BK No. 08-13992

> We think that s [101(30)] contemplates that a debtor make payments, and that the debtor's income sufficiently exceeds his expenses so that he can maintain a payment schedule. The key statutory language is 'make payments.' The debtors in this case have no excess income out of which to 'make payments,' and therefore, they are not eligible for Chapter 13 relief under s 109( c).

*See Tenney v. Terry (In re Terry)*, 630 F.2d 634, 635 (8th Cir. 1980); *see also, Lindholm v. Rogers (In re Lindholm), No. 04-90452, 2005 WL 2218990 *1-2 (W.D. Mich. Sept. 13, 2005); In re Ellis*, 388 B.R. 456, 460 (Bankr. D. Mass. 2008).

I believe this is a straightforward and uncomplicated case, based on a clear and unambiguous statute. Given the obvious Congressional intent, this ruling is not merely an exercise in elevating form over substance. To the contrary, a ruling in favor of the Debtors would be to disregard the eligibility requirements of Chapter 13. Moreover, it is contrary to the spirit of Chapter 13 to fund the plan with a loan from a third party instead of the income of the debtor. *In re Safka*, 18 B.R. 196, 198 (Bankr. D. Vt. 1982). In addition, such a ruling would very likely cause a spate of filings disguised as Chapter 13 cases, for the sole purpose of securing the benefits of Chapter 13, while their true eligibility for bankruptcy is in Chapter 7. This Court has neither the authority nor the inclination to grant the relief sought by the Debtors.

BK No. 08-13992

Therefore, the Chapter 13 Trustee's Motion to Dismiss is **GRANTED**.

Entered as an Order of this Court.

Dated at Providence, Rhode Island, this 14th day of August, 2009.

_____
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 8/14/2009

3